UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY L., )<br>  )<br>   Plaintiff )<br>  )<br>v. )<br>  )<br>KILO KIJAKAZI, Acting Commissioner )<br>of Social Security, )<br>  )<br>   Defendant ) | 2:23-cv-00127-LEW |

### REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 29, 2022, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 5-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of post-concussive syndrome, migraine headaches, and cervical spine fusion. (R. 30.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined by 20 C.F.R. § 404.1567(b), except she can frequently climb ramps or stairs. (R. 35.) She can occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. (*Id.*) She must avoid both concentrated exposure to bright light and noise above the loud level as defined in the Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles. (*Id.*) She cannot work at unprotected heights or on slippery surfaces, she cannot drive a commercial vehicle, and she can occasionally use a computer or other device requiring staring at a screen. (*Id.*)

Based on the RFC finding, Plaintiff's age, education, and work experience, and residual functional capacity, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy. (R. 44.) The ALJ determined, therefore, that Plaintiff was not disabled. (*Id.*)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401

(1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred because he failed to explain adequately the reasons for not considering the opinion of Alexander L. Mesrobian, M.D., and because he improperly assessed the opinion of FNP Gloria Oppen (Nurse Oppen).

**A.    Dr. Mesrobian**

On July 22, 2016, Dr. Mesrobian completed an assessment of Plaintiff related to Plaintiff's workers' compensation claim. (R. 2117-41.) Dr. Mesrobian was asked to assess Plaintiff's work injury, maximum medical improvement, and her ability to return to work. (R. 2137-38.) The ALJ noted that Dr. Mesrobian's opinions

> are provided using different standards than those used by this Agency; they are related directly to the claimant's actual work, not work capacity; and many of these opinions are related to a remote workplace accident and are too remote to be probative of functioning during the relevant period.

(R. 43.) Plaintiff contends that the ALJ's assessment does adequately explain the supportability and consistency factors as required by the applicable regulations. *See* 20 C.F.R. § 404.1520c(b)(2). Defendant argues that Dr. Mesrobian's assessment does not qualify as a medical opinion under 20 C.F.R. § 1513 and, therefore, the ALJ does not have to assess the supportability and consistency factors.

"A medical opinion is a statement from a medical source about what you can still

3

do despite your impairments and whether you have one or more impairment-related limitations or restrictions in the following abilities . . . ." 20 C.F.R. § 404.1520c(b)(2). Although Dr. Mesrobian assessed and discussed Plaintiff's ability to return to work, Dr. Mesrobian's findings and observations were in the context of Plaintiff's ability to return to her job and were focused on some of the physical impediments to Plaintiff's return to that job.  Notably, Dr. Mesrobian did not assess and discuss Plaintiff's overall work capacity - what she could do.

      Dr. Mesrobian's report is not a medical opinion as contemplated by the regulations. Plaintiff's argument that the ALJ erred because he did not explain the supportability and consistency factors thus fails. The ALJ nevertheless acknowledged Dr. Mesrobian's opinions, which were issued two years before the alleged onset date, and supportably discounted the opinions.  The ALJ did not err in his assessment of Dr. Mesrobian's opinions.

**B.**    **Nurse Oppen**

      On August 12, 2020, Nurse Oppen completed a consultative examination and determined that Plaintiff had limitations related to her upper body, grip strength, hip pain, and spine. (R. 1620.)  Nurse Oppen found Plaintiff was limited in the use of her upper extremities.  Plaintiff contends the ALJ erred when he found Nurse Oppen's opinions "largely unpersuasive."  Plaintiff argues the ALJ's error requires remand because at the administrative hearing, a vocational expert testified that none of the jobs identified could be performed if Plaintiff had a right (dominant) upper extremity limitation of no pushing, no pulling, no overhead lifting, no repetitive use, and no lifting of more than ten pounds.

4

(R. 101-102.)

The ALJ considered Nurse Oppen's opinion and discussed her findings. (R. 40-41.) Ultimately, the ALJ found Nurse Oppen's opinion "largely unpersuasive" because she "overstates the claimant's limitation, references impairments that are nonsevere or not medically determinable, she did not review objective medical evidence, and she relies heavily on the claimant's subjective complaints of symptoms and limitations." (*Id*.) The ALJ also found Nurse Oppen's opinion was inconsistent with the rest of the record.

Contrary to Plaintiff's argument, the ALJ reasonably and supportably discussed and discounted Nurse Oppen's opinion. The ALJ's observations about Dr. Oppen's opinion (e.g., relies heavily on Plaintiff's subjective complaints, overstates Plaintiff's limitations, is inconsistent with the medical record) are supported by an objective review of the medical record and the opinions of the state agency consultants (Edward Ringel, M.D., and Donald Trumbull, M.D.), whose opinions the ALJ found persuasive. (R. 40.)

In sum, the ALJ satisfied his obligation to assess the evidence, including the expert opinions. The ALJ supportably weighed the evidence and resolved any conflicts in the evidence. *See Irlanda Ortiz v. Sec'y Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts."); *see also Rodriguez*, 647 F.2d 218, 222 ("the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts."). The ALJ did not err.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of October, 2023.